FILED
DEC 10 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES H. WILSON,

    Plaintiff,

v.

U.S. DEPARTMENT OF LABOR, *et al.*,

    Defendants.

Case: 1:15-cv-02141
Assigned To : Unassigned
Assign. Date : 12/10/2015
Description: Pro Se Gen. Civil (F Deck)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint without prejudice.

It appears that plaintiff sought employment with C.J. Coakley, Inc., a private corporation which had entered into a Conciliation Agreement with the United States Department of Labor's Office of Federal Contract Compliance Programs to address racial disparities in the hiring of commercial drywall carpenters. *See* Compl. at II (page numbers designated by plaintiff); *see id.*, Attach. B (Notice to Affected Class). He asks for a court order to compel C.J. Coakley, Inc. "to provide [him] with a copy [of] or allow [him] to review the Conciliation Agreement," *id.* at I, or an order enjoining the company from "discriminating against [him]," *id.* at III. In addition, plaintiff demands $1 million in damages for himself and an order requiring defendant "to pay a million dollars to a D.C. based charity." *Id.*

Insofar as plaintiff is demanding relief in the form of the production of records maintained by the U.S. Department of Labor, *see* Compl. at I; *see id.*, Ex. (FOIA Request dated September 28, 2015), the Court treats the claim as one under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552 (2012). It does not appear that plaintiff has exhausted his available administrative remedies, however, and the Court will dismiss the claim without prejudice. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). And assuming that plaintiff intends to bring an employment discrimination claim against C.J. Coakley, Inc. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (2012), the claim is subject to dismissal because plaintiff does not appear to have exhausted his administrative remedies on this claim either, *see Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995).

Accordingly, the Court will dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: November 24, 2015

/s/ Reggie B. Walton
United States District Judge